RECEIVED

2005 NOV -1 P 4:51

DEBRA P. HACKETT, CLK
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS C. CREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL BOAT OWNERS | ) |
| ASSOCIATION (NBOA) MARINE | )   CV- 2:05cv1057-F |
| INSURANCE AGENCY, INC; MARKEL | ) |
| AMERICAN LIFE INS. COMPANY; and | ) |
| JACKIE ASHE, individually and as agent | ) |
| for the NATIONAL BOAT OWNERS | ) |
| ASSOCIATION MARINE INSURANCE | ) |
| AGENCY, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441 and 1446, Markel American Insurance Company ("Markel") hereby gives notice of removal of this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court of the Middle District of Alabama, Northern Division. As grounds for this removal, Markel states as follows:

### Commencement of the Case

1. This action was commenced on or about August 29, 2005, with the filing of the summons and complaint in Civil Action No. CV-05-2232 in the Circuit Court of Montgomery County, Alabama. A copy of the complaint is attached as Exhibit A. In the complaint, the plaintiff, Thomas C. Crews, alleges fraud, breach of contract, bad faith failure to pay under contract of insurance, negligent training, supervision and retention, negligence and seeks various

162130.1

forms of equitable relief in connection with a policy of insurance for a watercraft issued by Markel. (Ex. A).

The plaintiff seeks unspecified compensatory and punitive damages from Markel and the other defendants.

### Jurisdictional Statement

2. This Court would have jurisdiction of this action pursuant to 28 U.S.C. § 1332. The plaintiff is diverse in citizenship from all defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs and no defendant is a citizen of the State of Alabama.

### Citizenship of the Parties

3. The plaintiff, Thomas C. Crews, is a citizen of the State of Alabama.

4. The Defendant Markel is a corporation organized under the laws of State of Florida with its principal place of business in State of Florida, and, is therefore a citizen of the State of Florida.

5. The Defendant National Boat Owners Association Marine Insurance Agency, Inc. ("NBOA") is a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida, and, is therefore a citizen of the State of Florida Florida.

6. The Defendant, Jackie Ashe, is a citizen of the State of Florida.

### Amount in Controversy

7. Although the plaintiff does not specify the amount in controversy in its complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition to his claim for economic[1] and mental anguish damages, the plaintiff claims punitive damages[2], *see* Ex.

---

[1] The plaintiff alleges that he paid $5,267 on November 9, 2002 and $4,184 on October 31, 2003 to renew insurance coverage for his watercraft. In addition, the plaintiff alleges that the defendants wrongfully refused to pay $31,780 to repair his watercraft.

A at ¶ 79, which, under Alabama law can, and often do, exceed $75,000 in cases in which fraud is alleged, particularly against an out-of-state insurance company.[3] Thus, the amount in controversy requirement for diversity jurisdiction is met. *See Leonard v. Enterprise Rent-A-Car Co.*, 279 F.3d 967, 972 (11th Cir. 2002) ("where a plaintiff fails to specify the total amount of damages demanded ... a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement"); *Hill v. Mony Life Ins. Co.*, 75 F. Supp. 2d 1328, 1329 (M.D. Ala. 1999); *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

### Timeliness of Removal

8.    Pursuant to 28 U.S.C. § 1446(b), a notice of removal shall be filed within 30 days after receipt of the initial pleading or, in certain circumstances, within 30 days after receipt of a "paper from which it may first be ascertained that the case is one which is ... removable." Markel was served with the complaint on September 12, 2005, more than 30 days prior to the filing of this motion. This motion, however, is timely as Markel did not receive a paper upon which it could ascertain the citizenship of all parties to this action until November 1, 2005.

---

[2] In the determining the jurisdictional amount for purposes of 28 U.S.C. § 1332, punitive damages are to be included. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943).

[3] *See, e.g., Ex parte Liberty Nat. Life Ins. Co.*, 797 So. 2d 457 (Ala. 2001) ($200,000 jury verdict in fraudulent suppression case); *Alfa Mut. Fire Ins. Co. v. Thomas*, 738 So. 2d 815 (Ala. 1999) ($375,000 jury verdict in insurance fraud case); *Life Ins. Co. of Georgia v. Parker*, 726 So. 2d 619 (Ala. 1998) ($200,000 jury verdict in fraudulent sale of insurance case); *Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997) ($15,000,000 jury verdict in insurance fraud case); *Life Ins. Co. of Georgia v. Johnson*, 684 So. 2d 685 (Ala. 1997) ($15,000,000 jury verdict in fraudulent sale of insurance case); *Liberty Nat. Life Ins. Co. v. McAllister*, 675 So. 2d 1292 (Ala. 1995) ($1,000,000 jury verdict in fraudulent insurance practices case); *Independent Life and Acc. v. Harrington*, 658 So. 2d 892 (Ala. 1994) ($6,230,000 jury verdict in fraudulent insurance practices case); *Foster Life. Ins. Co. of Georgia*, 656 So. 2d 333 (Ala. 1994) ($1,000,000 jury verdict in fraudulent sale of insurance case); *Reserve Nat. Ins. Co. v. Crowell*, 614 So. 2d 308 (Ala. 1993) ($1,000,000 jury verdict in fraud in sale of insurance case).

The United States Court of Appeals for the Fourth Circuit has held that "only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days." *Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997).[4] Where, however, the grounds for removal "are obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of ground for removal … to file its notice of removal …." *Id.* Thus, "if in fact grounds for removal exist, i.e., there is in fact complete diversity, but neither the pleadings nor other papers reveal the citizenship of the parties, the clock does not begin to run." *Moore's Federal Practice 3d* §107.30[3][a][ii][A].

In the present case, the plaintiff's complaint identified the citizenship of the plaintiff; however, the citizenship of the co-defendants was not stated on the face of the complaint. (Ex. A). Markel was not able to ascertain the citizenship of the co-defendants until conducting its own investigation. From this investigation, affidavits were obtained from NBOA and Ashe identifying their respective citizenship. These affidavits revealed that all defendants in this action are diverse in citizenship from the plaintiff. Copies of the affidavits are attached as Exhibits B and C. The affidavits were received by Markel on November 1, 2005; therefore, the 30 day time limitation on filing a notice of removal began to run on this date. This notice of removal is therefore timely, as it is filed within 30 days of this date that papers were received identifying the citizenship of the co-defendants.

**Removal to Middle District of Alabama, Northern Division**

9.     Pursuant to 28 U.S.C. § 1441(a), this action is being removed to this Court, which embraces the place where the action is pending in state court.

---

[4] The Eleventh Circuit cited *Lovern* with approval in *Jeffcoat v. American Gen. Life & Accident, Ins. Co.*, 2001 U.S. Dist. LEXIS 7256 at *9 (11th Cir. 2001).

### Attachment of State Court Pleadings and Records

10. Pursuant to 28 U.S.C. § 1446(a), clear and legible copies of all process, pleadings, motions, orders, proceedings, and other papers filed in the Circuit Court of Montgomery County, Alabama, and served on Markel in this action are attached as Exhibit A.

### Notice to State Court

11. Contemporaneously with the filing of this notice of removal in this Court, and in accordance with 28 U.S.C. § 1446(d), written notice of removal is being filed with the clerk of the Circuit Court of Montgomery County, Alabama, and is being served on counsel for the plaintiff and the co-defendants to this action.

12. No admission of fact, law, or liability is intended by this notice of removal, and all defenses, motions, and pleas are expressly reserved.

### Conclusion

13. For the foregoing reasons:

    a. the plaintiff, Thomas C. Crews, a citizen of Alabama, is diverse in citizenship from each defendant to this action.

    b. the amount in controversy exceeds $75,000, exclusive of interest and costs; and

    c. this Notice of Removal is timely filed.

Wherefore, the defendant, Markel, is entitled to have this cause removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, which district embraces the place where the action is pending.

_____
One of the Attorneys for Defendant Markel
American Insurance Co.

OF COUNSEL:
Alan T. Rogers
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
(205) 488-5444
Fax: (205) 488-5775
Email: arogers@balch.com

Paul A. Clark
G. Lane Knight
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3856
E-mail: pclark@balch.com

162130.1

## **CERTIFICATE OF SERVICE**

I hereby certify that have served a copy of the foregoing on the following persons on this the 1st day of November, 2005:

Susan Williams Reeves
714 South 29th Street
Birmingham, Alabama 35233-2810

Matthew P. Teague, Esquire
Lloyd, Gray & Whitehead
2501 20th Place South, Suite 300
Birmingham, Alabama 36223

Ms. Jackie Ashe
NBOA Marine Insurance Agency
4404 North Tamiami Trail
Sarasota, Florida 34234-3864

National Boat Owners Association
Marine Insurance Agency
4404 North Tamiami Trail
Sarasota, Florida 34234-3864

Respectfully submitted,

_____
One of the attorneys for Defendant Markel American Insurance Co.