IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS C. CREWS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) CV 02-05cv1057-F |
| | ) |
| NATIONAL BOAT OWNERS | ) |
| ASSOCIATION (NBOA) MARINE | ) |
| INSURANCE AGENCY, INC.; MARKEL | ) |
| AMERICAN INSURANCE COMPANY; | ) |
| and JACKIE ASHE, individually | ) |
| and as agent for the NATIONAL | ) |
| BOAT OWNERS ASSOCIATION (NBOA) | ) |
| MARINE INSURANCE AGENCY, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO REMAND**

Now comes Plaintiff Tom Crews, who moves to remand this action to the Circuit Court of Montgomery County, Alabama.  As a basis for this Motion to Remand, Plaintiff states that the following facts show conclusively that the Notice of Removal was not timely filed, that no circumstances justify the over fifty-one day delay in removing this action and that Defendants failed to bear the burden to show that the amount in controversy exceeds the $75,000 requirement required for federal jurisdiction:

(1)  The filing on August 29, 2005, of a summons for each defendant and Complaint began this action in the Circuit Court of Montgomery County, Alabama.  Defendant National Boat Owners Association Marine Insurance Agency, Inc. (hereinafter "NBOA")

1

and Defendant Jackie Ashe, were both served with the summons and complaint on September 10, 2005.

(2) Defendant Markel American Life Insurance Company (hereinafter referred to as "Markel") was served with its summons and complaint on September 12, 2005.

(3) Defendant Markel served a Notice of Removal on November 1, 2005, on Plaintiff's counsel, fifty-one (51) days after service of the Complaint on the first-served Defendants. *Schmidt v National for Women*, 562 F.Supp. 210 (D.C. Fla. 1983). (Thirty-day removal period runs from first served defendant).

(4) Defendants NBOA and Ashe served their Joinder of and Consent to Markel American Insurance Company's Notice of Removal on Plaintiff's counsel on November 2, 2005, one day later.

(5) Defendants assert that "the amount in controversy exceeds $75,000" by citing nine unrelated cases in which verdicts against insurance companies reached and/or exceeded at least $200,000.

### I. Defendants' Failure to show Jurisdictional Amount by Preponderance of the Evidence

Defendants' citations to damage awards in other cases have caused the defendants to speculate that there is at least $75,000 in damages in this case thereby permitting the exercise of federal jurisdiction under 28 U.S.C. §1332(b). This speculation, which would not even be admissible evidence of any fact in the instant case, does not rise to a preponderance of the evidence so

as to support the Court's conclusion that more than $75,000 is at issue in this case. While the Defendants do not have to prove, for removal purposes, the ultimate amount of the recovery, which would be impossible at this stage, nevertheless, the premiums paid and the cost of refusing to repair the insured watercraft cited in the Complaint do not itself demonstrate by a preponderance of the evidence that the jurisdictional amount necessary to invoke federal jurisdiction in a diversity case has been established.

Certainly, it is true that the Plaintiff "hopes" that his recovery will exceed $75,000. Plaintiff's hope combined with Defendant's speculation does not, however, constitute proof at any level that there will even be an award, much less an award of any particular amount. At this stage, the removal defendants have failed in their burden, but that failure does not pre-empt further federal review should the jurisdictional amount be established. *Sherminski v Transouth Financial Corp.*, 216 F.3d 945 (11th Cir. 2000).

**II. Defendants' Removal Papers are Untimely Filed.**

Federal statute provides that a defendant desiring removal of a civil case from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds". 28 U.S.C.§1446(a). Pursuant to 28

U.S.C. §1446(b), the notice **"shall be filed within thirty days"** after receipt by the defendants of a paper from which it may first be ascertained that the case is one which is or has become removable. (Emphasis in bold added). The language of §1446(b) is not permissive.

Defendants argue that the failure of Plaintiff to set forth the citizenship of each Defendant in the Complaint created a justifiable delay while Defendants investigated to determine whether each defendant was a citizen of a state other than Alabama, where Plaintiff is a resident citizen. The judicial extension of the limited statutory time in which to file for removal is proper if the actual facts supporting federal jurisdiction exist, "but their existence has been manifested only by later papers, revealing the **grounds for removal for the first time.**" *Lovern v General Motors Corp*., 121 F.3d 160 (4th Cir. 1997)(cited by defendants at page four of their Notice of Removal). *Lovern* assumes that the thirty-day period and the additional time in excess of thirty days must have been factually shown by defendants to have been necessary to investigate the location and citizenship of co-defendants. That assertion, however, is not set out by any fact in this case although the Defendants have attached fact affidavits related to their removal papers. Those defense affidavits are noticeably silent on any investigation claimed to have been conducted including any

assertion of the need for 51 days to investigate the citizenship of Defendants NBOA and Ashe.

The defense receipt of service on September 10, 2005, could have begun that inquiry. The summons for each Defendant filed with the complaint correctly sets forth each Defendant's out-of-state address. (See Exhibit A, summons attached to Defendants' Notice of Filing Notice of Removal and Ashe affidavit attached to Supplement to Notice of Removal). While each summons showing an address for service was not a part of the four corners of the Complaint, the contact addresses of all Defendants were and have been public information in this case and in the hands of defendants since service. Such easily available information to Defendant Markel and the other two defendants should trigger and make convenient and efficient any investigation needed. Defendant's contact addresses for each other are now a part of either "the four corners of the initial pleading or subsequent paper" (the summons) having been included in Defendants' removal papers and may properly be considered by the Court without resorting to mini-trials just to resolve the remand motion. *Lovern v General Motors Corp., supra.*

Those defendants' addresses provided each Defendant with enough information about the other defendants to accurately and easily obtain citizenship information from a Secretary of State, internet search and/or the parties themselves within a hour, a

day or easily one week, even had the defendant parties been strangers to each other.

It is reasonable for the Court to presume that Markel American Insurance Co. knows its own citizenship. Therefore, Defendant Markel's "investigation" concerning the citizenship of itself should not have been time consuming. Moreover, Defendant Markel has affirmatively shown that it is no stranger to Defendant NBOA and Defendant Ashe in that Defendant Markel has attached its own policy of insurance with Plaintiff Crews showing the interrelationship and agency of the two corporations on the facts of this very case. By Defendant Markel having shown to the Court, its contract of insurance with the Plaintiff which forms the basis of this action, that policy does not require the Court to consider extraneous fact-finding to see the close relationship of the two corporate defendants. (Defendant's Notice of Filing Notice of Removal, Exhibit A, un-numbered pages following the attached Complaint.)

Defendant Markel's own Notice of Removal attachment entitled, "Helmsman Yacht Policy", a contract with Plaintiff Crews, shows that Defendant NBOA was the designated insurance agency of Defendant Markel and further shows the following policy information on the policy for NBOA:

**The address of NBOA Marine Insurance Agency Inc. as 4404 North Tamiami Trail, Sarasota, Fl 34234-3864. (Exhibit A to**

**Notice of Filing Notice of Removal, at an unnumbered page following immediately a copy of the Complaint.).** This is the same address as the summons served with the Complaint upon both Defendant Ashe and Defendant NBOA. (See Defendant Markel Supplement to Notice of Removal and attached Summons to Ms. Jackie Ashe, NBOA Marine Insurance Agency, 4404 North Tamiami Trail, Sarasota FL 34234-3864). Without dispute, Defendant NBOA is affirmatively shown by Defendant Markel's insurance policy filed in the removal papers, to be Defendant Markel's own agent on this policy.

Where Defendant NBOA is and had been an agency of Defendant Markel with respect to this very policy in dispute, and these facts have been known to all defendants since at least the renewal policy date of 2003, Defendants' investigation of its own agents' citizenship could have been very efficient, if not already actually known to all defendant parties. It is also possible that these same corporate defendants have together instituted other removal efforts in other cases and in other jurisdictions, which, if true, would test the bona fides of the "investigation" justification argued to excuse delay.

Where there are close relationships of diverse corporations and removal is not timely, there is no extension of the mandatory thirty-day window in which those corporations may exercise their limited option to remove an action from state to federal court.

*Yellow Cab Co. of Pittsburgh v Gasper*, 904 F.Supp 344 (W.D.Pa 1988).

Defendant Ashe is alleged in the Complaint at paragraphs 10, 12 and 13 to have been an agent of Defendants NBOA and Markel American Insurance Company, which Defendant Ashe confirms with her own affidavit filed as Exhibit C to Defendant Markel's Notice of Filing Notice of Removal. In that Ashe affidavit, Exhibit C, this Defendant states that she is a Customer Service Representative for the Defendant National Boat Owners Association Marine Insurance Agency, and is a resident citizen of the State of Florida. Defendant Ashe is also correctly alleged in the Complaint, paragraph 10, to be "an agent of Defendants NBOA and Markel American Insurance Company".

Where these agency relationships between the corporate defendants show that citizenship could be ascertained by documents in Defendant Markel's own files, the need to "investigate" citizenship for over fifty days after service is neither diligent nor responsible under the prompt and mandatory removal requirements of 28 U.S.C. §1446(b).

**III. Defendants' Change of Strategy For Responding to the Complaint Does not Merit an Extension of the Statutory 30-Day Removal Requirement.**

Defendants, however, were not even working toward removal for almost a full month after the Complaint was filed, as evidenced by Defendant Markel's attorney successful efforts to

reach plaintiff's counsel to request an extension of time beyond the thirty-day removal period "in which to file a responsive pleading". (Houts' affidavit attaching receipt of Defendant Markel counsel, Steven E. Goldman's letter of October 7, 2005). Removal is not a "responsive pleading" but is a filing solely for the purpose of a change from state to federal jurisdiction. (See, Fed. R. of Civ. Proc. 7 and 8). In fact, Defendants simply let the time pass for removal as they deliberated about the selection of Alabama counsel to represent the Defendants knowing that they had been permitted by Plaintiff's counsel additional time until November 1, 2005, to file a "responsive pleading". Indeed, it is not clear that Defendants ever contemplated filing any removal during the thirty-day period of removal since their counsel was only able to confirm with Plaintiff's counsel an extension of time to file an answer on the twenty-seventh (27th) day after service of the complaint. (See Houts' Affidavit with attached letter from Goldman to Reeves confirming an extension of time to November 1, 2005, for Defendants to file a responsive pleading).

While it is possible to speculate that the Defendants changed their legal strategy from filing a responsive pleading to filing a removal action, it is clear that the pleadings and affidavits do not support the "investigation" argument much less prove any difficulty of completing an investigation into Defendants' citizenship within the mandatory thirty-day period

9

from the service of the Plaintiff's complaint on the parties.

Lastly, federal statutes permitting removal as a strategy option for a state court defendant are strictly construed against removal. *Diaz v Sheppard*, 85 F.3d 1502 (11th Cir. 1996), *certioriari denied,* 520 U.S. 1162. Under these facts and the applicable law, Plaintiff moves for remand of this action to the Circuit Court of Montgomery County, Alabama.

                                        Respectfully submitted,

                                        s/Susan Williams Reeves
                                        Susan Williams Reeves
                                        ASB-4970-V84S
                                        Attorney for Plaintiff
                                        Reeves Law Offices
                                        714 South 29th Street
                                        Birmingham AL 35233-2810
                                        Telephone:  205-322-6631
                                        Fax:  205-322-7479
                                        E-mail:  swrlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Paul A. Clark, Esq., Attorney for Defendant Markel American Insurance Co.

Date:  November 14, 2005        s/Susan Williams Reeves
                                        Attorney for Appellant
                                        714 29th Street South
                                        Birmingham, Al 35233
                                        Phone:  205-322-6631
                                        Fax:  205-322-7479
                                        E-Mail: [swrlaw@gmail.com](swrlaw@gmail.com)
                                        State Bar No. ASB-4970-v84s