IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS C. CREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL BOAT OWNERS | ) |
| ASSOCIATION (NBOA) MARINE | )   CV- 2:05-cv-1057-F |
| INSURANCE AGENCY, INC; MARKEL | ) |
| AMERICAN INSURANCE COMPANY; | ) |
| and JACKIE ASHE, individually and as | ) |
| agent for the NATIONAL BOAT OWNERS | ) |
| ASSOCIATION MARINE INSURANCE | ) |
| AGENCY, INC. , | ) |
| | ) |
| Defendants. | ) |

**MARKEL AMERICAN INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Defendant Markel American Insurance Company ("Markel") hereby responds to Plaintiff's Motion to Remand as follows:

1. Plaintiff moved to remand this action to the Circuit Court of Montgomery County on two grounds: (1) Markel failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) Markel failed to timely remove this action. Each of these grounds is without merit.

2. Markel has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. Despite Plaintiff's representation that Markel relies solely on citations to damage awards in other cases involving out-of-state insurance companies, such is not the case. In fact, Markel demonstrated that, based on the face of the complaint alone, Plaintiff's alleged economic loss is $41,231.00. This amount does not

162809.1

take into consideration an award for mental anguish damages, or punitive damages, both of which are sought by Plaintiff. Thus, even if mental anguish and punitive damages were awarded at a ratio to Plaintiff's alleged economic loss of 1:1, the jurisdictional amount would easily be met.[1] *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943) (In determining the jurisdictional amount for purposes of 28 U.S.C. § 1332, punitive damages are to be included).

    3.    Plaintiff's assertion that Markel did not timely remove this action is contrary to law. Pursuant to 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is or has become removable." As set forth in *Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997), where the grounds for removal "are obscured or *omitted* … that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal … to file its notice of removal …." (emphasis added). It is undisputed that the complaint (i.e., the "initial pleading") did not set forth the citizenship of the defendants. The first papers from which Markel was able to ascertain the citizenship of co-defendants National Boat Owners Association Marine Insurance Agency ("NBOA") and Jackie Ashe ("Ashe") were the affidavits executed by NBOA and Ashe attached to Markel's notice of removal. Plaintiff, therefore, is left to make the spurious argument that Markel unreasonably delayed in ascertaining the citizenship of NBOA and Ashe.

---

[1] If the plaintiff agrees to withdraw his claim for mental anguish and punitive damages, or execute a document that he will not accept an amount in excess of $75,000 under any circumstances, Markel will agree that the amount in controversy requirement is not satisfied.

4.  Without citing any relevant law in support of his position,[2] Plaintiff requests this Court to imply an "unreasonable delay" requirement into § 1446(b) and hold that Markel is precluded from removing this action because it "should have" initiated an investigation to ascertain the citizenship of the co-defendants at an earlier date. Plaintiff's argument is fatally flawed, however, in that § 1446(b) does not require Markel to conduct *any* investigation to ascertain the citizenship of the other parties to the action. Rather, § 1446(b) provides an objective basis by which a court may determine when the 30 day time period begins to run with certainty, i.e., when the litigant receives "a copy of an amended pleading, motion, order or other

---

[2] Plaintiff cites only one case in support of his position: *Yellow Cab Co. of Pittsburgh v. Gasper*, 904 F. Supp. 344 (W.D. 1988). Plaintiff's reliance on this opinion, however, only reinforces the weakness of his position as this case is factually distinguishable from the instant case.

In *Gasper*, a single defendant was served with a complaint and did not remove the action within 30 days, even though the complaint set forth the citizenship of all parties. *Gasper*, 904 F. Supp. at 345-46. After 30 days, two other defendants were joined in the action. *Id.* Significantly, these defendants were closely held corporations controlled by the same individual that controlled the original defendant. *Id.* at 348. Moreover, the same attorney represented all defendants in the action. *Id.* After the new defendants were joined, the defendants' attorney altered his litigation strategy to remove the action to federal court. *Id.* at 346. The plaintiff moved to remand and the court granted the motion, stating that "[i]t must be remembered that all of the entities joined as defendants in the case sub judice are closely held corporations owned and controlled by one man …. The 'interplay' between multiple defendants … is simply not present here, where it falls to one man – Gasper (and his counsel) – to make strategic and tactical decisions involving litigation strategy." *Id.* at 348.

Accordingly, the *Gasper* court was not even faced with a situation where the grounds for removal were omitted from the initial pleading. Moreover, because Markel and NBOA are not closely held corporations controlled by the same individual and represented by the same attorney, the "interplay" between multiple defendants *is* present here. *Gasper*, therefore, is clearly distinguishable from the instant case.

paper from which it may be ascertained that the case is or has become removable." *See Lovern, supra.*

Moreover, *Lovern* expressly rejects the notion that there is any subjective element to the determination before the Court. In *Lovern*, a plaintiff filed a lawsuit against General Motors, but failed to include his own citizenship in the complaint. *Id.* at 161. General Motors did not discover the citizenship of the plaintiff until 88 days after it was served when it received an interrogatory response identifying the plaintiff's citizenship. *Id.* Upon discovering this information, General Motors removed the action to federal court and the plaintiff moved to remand, arguing that General Motors removal was untimely. *Id.*

The Fourth Circuit held that General Motors removed the action in accordance with the requirements of § 1446(b) and rejected the notion that there is any subjective element to the analysis, writing:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring those grounds to be apparent within the four corners of the initial pleading or subsequent paper.

*Id.* at. 162.

5. It is undisputed that Markel's notice of removal was filed the very same day it received the affidavits identifying the respective citizenship of NBOA and Ashe. Thus, Markel's notice of removal was indeed filed in a timely manner.[3]

---

[3] Although the plaintiff does not argue that Markel's receipt of service triggered the running of the 30 time period, even if this argument was made, it would be without merit. As Plaintiff points out, the summons for each defendant correctly sets forth each defendant's out-of-state address. Nevertheless, the residence of an individual or corporation is not determined according to an address, but rather, in the case of an individual, to his or her domicile, and, in the case of a

6. The filing of the notice of removal has caused Plaintiff to suffer no prejudice. No pleadings or motions have been filed in state court, nor has any discovery taken place. Moreover, the 55 days between the filing of the complaint and the filing of the notice of removal can hardly be said to be unreasonable in light of *Lovern* where a period of 88 days between the service of the complaint and the filing of the notice of removal was reviewed and approved.

WHEREFORE, Markel respectfully requests the Court to deny Plaintiff's Motion to Remand as the amount in controversy exceeds $75,000, exclusive of interest and cost, and removal was timely under 28 U.S.C. § 1446(b).

Respectfully submitted this the 5th day of December, 2005.

/s/ G. Lane Knight
G. Lane Knight (ASB-6748-172K)
One of the Attorneys for Defendant Markel
American Insurance Co.
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3856
Email:  lknight@balch.com

---

corporation, to its state of incorporation and principal place of business. Neither of these determinations can be made by resort to an out-of-state address alone. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person. For a corporate defendant the complaint must allege either the corporation's state of incorporation or principal place of business").

162809.1                                              5

OF COUNSEL:
Alan T. Rogers
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
(205) 488-5444
Fax: (205) 488-5775
Email: arogers@balch.com

Paul A. Clark
G. Lane Knight
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3856
Email: pclark@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

    Respectfully submitted,

    /s/ G. Lane Knight
    G. Lane Knight (ASB-6748-172K)
    BALCH & BINGHAM LLP
    105 Tallapoosa Street
    Suite 200
    Montgomery, AL 36104-2549
    Telephone: (334) 834-6500
    Facsimile: (866) 736-3856
    Email:  lknight@balch.com