IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
THOMAS C. CREWS                    )
                                   )
        Plaintiff,                 )
                                   )
v                                  )   CV 02-05cv1057-F
                                   )
NATIONAL BOAT OWNERS               )
ASSOCIATION (NBOA) MARINE          )
INSURANCE AGENCY, INC.; MARKEL     )
AMERICAN INSURANCE COMPANY;        )
and JACKIE ASHE, individually      )
and as agent for the NATIONAL      )
BOAT OWNERS ASSOCIATION (NBOA)     )
MARINE INSURANCE AGENCY, INC.      )
                                   )
        Defendants.                )
```

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO MOTION TO REMAND**

All Defendants have joined in one response urging the Court to retain jurisdiction because, they argue, the amount in controversy surely will exceed $75,000, and further, the fifty-one day delay in filing the removal petition is explainable where the Complaint itself did not set out the citizenship of all Defendants. Defendants urge the Court to accept that the thirty-day mandatory period for removal did not begin to run until November 1, 2005, the day the Notice of Removal was actually filed since November 1, 2005, was the date of receipt of affidavits of citizenship executed by Defendants NBOA and Jackie Ashe.

1

Plaintiff's timely filed Motion to Remand sets out Plaintiff's reasons for remand. This Reply responds only to those new arguments made by Defendants' Response served on December 5, 2005, and to those bases for remand to which Defendants made no response.  Undisputed is the principle that federal jurisdiction under the removal statutes "amounts to an infringement upon state sovereignty". *Mills v Mills*, Civ. Act. No. 2:04-23286-DCN-GCK (D.S.C. June 16, 2005)(Judge Kosko citing *Shamrock Oil Com. v Sheets*, 313 U.S. 100, 108-09 (1941) in support of that statement).  Removal of the states' authority to decide its citizen's complaints is, therefore, not a casual exercise of federal jurisdiction.

**The Amount in Controversy:**

The removing party bears the burden of establishing by a preponderance of the *evidence* that it is more likely than not that the plaintiff will recover damages of at least $75,000, not simply that such damages have been requested. *De Aguilar v Boeing Co.,* 11 F.3d 55, 57, 58 (5th Cir. 1993).  The general federal rule has "long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Horton v Liberty Mut. Ins. Co*., 367 U.S. 348, 353 (1961).  Defendants' speculative arguments, even when coupled with Plaintiff's hopes of exceeding that amount, are not the

2

evidence that must be found in the Complaint. Defendant's failure to meet their imperative burden of establishing the minimum dollar amount jurisdictionally required in diversity actions does not support removal based on the amount in question.

**The Defendants Failed to Timely Remove the Action:**

Plaintiff based his claim of failure of timely removal on the fact that service of the first defendant on September 10, 2005, required removal within thirty days, and not fifty-one days for two reasons:

1.) Defendants had a principal/agency relationship in the very insurance contract that serves as the basis for this action, and

2.) Defendants made that insurance contract setting out the defendant parties' agency agreement a part of its removal papers thereby making available to the Court the very facts upon which the Court knows, without additional inquiry, the complete interrelationship of the Defendant parties to each other as business partners. (See, Notice of Removal filed by Markel attaching, Exhibit A: Plaintiff's Complaint followed by unnumbered pages of Defendants' contract with Plaintiff defining Defendants' agency/principal relationship.)

Defendants respond that they have no duty to investigate citizenship of their principal/agents at all (Defendants' Response, p3) even though Defendant Markel did actually obtain affidavits regarding the citizenship of Defendants Ashe and NBOA

3

(Notice of Removal, p4).  Defendants also respond incorrectly
that citizenship of Defendants Markel, NBOA and Ashe were not
known to each other until November 1, 2005, the same date that
Defendants filed their Notice of Removal with this Court
(Defendants' Response, p5).  They argue that defendants'
citizenship diversity was only known on November 1, 2005, because
only then Defendant NBOA, through its agent, Jeffery Berndt, and
Defendant Jackie Ashe signed affidavits of citizenship on
November 1, 2005.  The Defendants' agency relationship with each
other as set out in the contract of insurance referred throughout
the Complaint was, however, objectively alleged in at least
paragraphs 10 through 13 of the Complaint filed in the Circuit
Court of Montgomery County, Alabama.

The shield of citizenship ignorance misses or ignores the
mandate of §1446(b) requiring the filing of notice of removal
within thirty days of citizenship information permitting
diversity and removal. ("If the case stated by the initial
pleading is not removable, a notice of removal may be filed
within thirty days after receipt of the defendant, ...of a copy
of...**or other paper** from which it may **first** be ascertained that
the case is one which is or has become removable....")(Emphasis
in bold supplied).  Otherwise, Defendants would have no time
limitation on seeking removal so long as removal notice was filed
anytime within a year of service of a complaint. In this case,

Plaintiff does not suggest that citizenship and address are synonymous, but that the interrelationship of defendants as principal and agent combined with all of the contact facts apparent on the insurance contract made the determination of citizenship, for the purposes of filing a timely removal petition, a task easily accomplished within the thirty day time provided by Congress.  A steady refusal to admit knowing what one is shown to know is disingenuous.

The insurance contract attached by Defendants as Exhibit A to the Notice of Removal prove that Defendants were a single interrelated team, at least with this Plaintiff, and that, therefore, filing a timely notice of removal, i.e., within thirty days of the first served defendant, was required.

Defendants' response curiously criticizes Plaintiff's citation to *Yellow Cab of Pittsburgh v Gasper*, 904 F.Supp 344 (W.D. 1988).  Closely held corporations as in *Gasper*, were presumed to know the citizenship of each other. Here, Defendant principal and agents are shown to know each other through their interrelated business of providing insurance to Plaintiff. In *Gasper*, Defendants' attorney "altered his litigation strategy to remove the action to federal court" whereas in this case, Defendants' attorney sought additional time to November 1, 2005, to "answer the complaint". (See Affidavit of Barbara Houts filed with Plaintiff's Motion to Remand) and then "Defendants changed

their legal strategy from filing a responsive pleading to filing a removal action" just as in *Gasper*. (Pl. Motion to Remand, p9). Notably, Defendants did not address this affidavit or their counsel's letter in the reply to the remand motion.

Plaintiff has shown that the Defendants first intended to answer the Plaintiff's complaint and sought an extension until November 1, 2005, expressly just to do so.  Instead, on that date, Defendants improperly relying on Plaintiff's agreement of an extension of time for answering the Complaint, changed their strategy and filed a Notice of Removal on November 1, 2005. Of course, Plaintiff had neither the authority to extend removal periods nor the purpose of doing so thereby requiring Defendants' resort to the unseemly posture of asserting that Defendant Markel did not know the citizenship of its agents.  A Notice of Removal is not presumptively effective; indeed, it is burden of the party seeking removal to affirmatively demonstrate jurisdiction, which Defendants, in this case, have failed to do. *Dixon v Coburg Dairy, Inc*. 369 F.3d 811, 816 (4th Cir. 2004)(*en banc*).

### Conclusion

Plaintiff's Motion to Remand is considered under the standards that construe removal statutes most narrowly. *Williams v AFC Enterprises, Inc.*, 122 F.3d 930(11th Cir. 2004).  If there is a clash about jurisdiction, uncertainties are resolved in favor of remand. *Id.*; *Burns v Windsor Ins. Co.*, 31 F.3d 1092,

1095 (11th Cir. 1994); *Hartley v CSX Trans. Inc.*, 187 F.3d 422,
425 (4th Cir. 1999)("[C]ourts should resolve all doubts about the
propriety of removal in favor of retained state court
jurisdiction").  For all of the reasons set out in Plaintiff's
Motion to Remand and this Reply, Plaintiff respectfully asks that
this case be remanded to the Circuit Court of Montgomery County,
Alabama.

                         Respectfully submitted


                         s/Susan Williams Reeves
                         Susan Williams Reeves
                         ASB-4970-V84S
                         Attorney for Plaintiff
                         Reeves Law Offices
                         714 South 29th Street
                         Birmingham AL 35233-2810
                         Telephone:  205-322-6631
                         Fax:  205-322-7479
                         E-mail:  swrlaw@gmail.com

                    CERTIFICATE OF SERVICE

     I hereby certify that on December 12, 2005, I electronically
filed the foregoing with the Clerk of the Court using the CM/ECF
system which will send notification of such filing to the attorneys
of record.

                         Respectfully submitted,


                         s/Susan Williams Reeves
                         Attorney for Plaintiff
                         714 29th Street South
                         Birmingham, Al 35233
                         Phone:  205-322-6631
                         Fax:  205-322-7479
                         E-Mail: swrlaw@gmail.com
                         State Bar No. ASB-4970-V84S

7