IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS C. CREWS, | ) |
|     Plaintiff, | ) |
| v. | ) |
| NATIONAL BOAT OWNERS ASSOCIATION (NBOA) MARINE INSURANCE AGENCY, INC., et al. | ) CASE NUMBER 2:05CV1057-F |
|     Defendants. | ) |

**ANSWER OF DEFENDANT MARKEL AMERICAN LIFE INSURANCE COMPANY**

Defendant Markel American Insurance Company ("Markel") answers the Plaintiff's Complaint as follows:

**ALLEGATIONS OF THE COMPLAINT**

As to the specifically numbered paragraphs of Plaintiff's Complaint, Markel avers as follows:

To the extent that the first unnumbered paragraph asserts allegations against Markel, Markel denies the allegations of that paragraph.

1. Markel lacks sufficient information or knowledge as to the truth of falsity of the allegations of Paragraph 1, therefore Markel denies the allegations of Paragraph 1.

2. No answer is required of Markel to Paragraph 2.

3. Markel denies the allegations of Paragraph 3.

4. Markel denies the allegation that the defendants acted in concert pursuant to a common plan or scheme. Markel denies the allegation that Markel "does business by agent" for the purpose of *Ala. Code* § 6-3-7.

**JURISDICTION AND VENUE**

5. Markel denies the allegations of Paragraph 5.

6. Markel denies that it committed any "wrongful activities [which] were directed by or in [its] behalf." Markel lacks sufficient information or knowledge as to the truth or falsity of the remaining allegations of Paragraph 6, therefore Markel denies the remaining allegations of Paragraph 6.

**FACTUAL BACKGROUND COMMON TO ALL COUNTS**

7. Markel admits that a renewal policy of insurance was issued by Markel to plaintiff. Markel lacks sufficient information or knowledge as to the truth or falsity of the remaining allegations of Paragraph 7, therefore Markel denies the remaining allegations of Paragraph 7.

8. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 8, therefore Markel denies the allegations of Paragraph 8.

9. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 9, therefore Markel denies the allegations of Paragraph 9.

10. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 10, therefore Markel denies the allegations of Paragraph 10.

11. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 11, therefore Markel denies the allegations of Paragraph 11.

12. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 12, therefore Markel denies the allegations of Paragraph 12.

13. Markel admits that the plaintiff submitted an application for insurance dated October 15, 2002 and that a policy of insurance was subsequently issued to plaintiff. Markel

lacks sufficient information or knowledge as to the truth or falsity of the remaining allegations of Paragraph 13, therefore Markel denies the remaining allegations of Paragraph 13.

14. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 14, therefore Markel denies the allegations of Paragraph 14.

15. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 15, therefore Markel denies the allegations of Paragraph 15.

16. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 16, therefore Markel denies the allegations of Paragraph 16.

17. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 17, therefore Markel denies the allegations of Paragraph 17.

18. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 18, therefore Markel denies the allegations of Paragraph 18.

19. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 19, therefore Markel denies the allegations of Paragraph 19.

20. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 20, therefore Markel denies the allegations of Paragraph 20.

21. Markel admits that a renewal policy was issued to plaintiff for the period of November 9, 2003 to November 9, 2004 for the watercraft with Hull ID Number SERP4612H900 and as manufactured by SEA RAY. Markel lacks sufficient information or knowledge as to the truth or falsity of the remaining allegations of Paragraph 21, therefore Markel denies the remaining allegations of Paragraph 21.

22. Markel admits that four endorsements were added to the plaintiff's policy for the period of November 9, 2003 to November 9, 2004. Markel admits that the plaintiff generally

states the nature of those endorsements. Markel lacks sufficient information or knowledge as to the truth or falsity of the remaining allegations of Paragraph 22, therefore Markel denies the remaining allegations of Paragraph 22.

23. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 23, therefore Markel denies the allegations of Paragraph 23.

24. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 24, therefore Markel denies the allegations of Paragraph 24.

25. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 25, therefore Markel denies the allegations of Paragraph 25.

26. Markel admits that a policy of insurance was issued to plaintiff for the period November 9, 2003 to November 9, 2004. Markel lacks sufficient information or knowledge as to the truth or falsity of the remaining allegations of Paragraph 26, therefore Markel denies the remaining allegations of Paragraph 26.

27. Markel denies the allegations of Paragraph 27.

28. Markel admits that plaintiff notified Markel that his watercraft received damage during Hurricane Ivan. Markel lacks sufficient information or knowledge as to the truth or falsity of the remaining allegations of Paragraph 28, therefore Markel denies the remaining allegations of Paragraph 28.

29. Markel denies the allegations of Paragraph 29.

30. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 30, therefore Markel denies the allegations of Paragraph 30.

31. Markel denies the allegations of Paragraph 31.

32. Markel denies the allegations of Paragraph 32.

33. Markel denies the allegations of Paragraph 33.

34. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 34, therefore Markel denies the allegations of Paragraph 34.

35. Markel lacks sufficient information or knowledge as to the truth or falsity of the allegations of Paragraph 35, therefore Markel denies the allegations of Paragraph 35.

36. Markel denies the allegations of Paragraph 36.

37. Markel denies the allegations of Paragraph 37.

38. Markel denies the allegations of Paragraph 38.

39. Markel denies the allegations of Paragraph 39.

40. Markel denies the allegations of Paragraph 40.

## COUNT I

## FRAUD

41. Markel adopts and incorporates herein by reference all previous paragraphs of its Answer.

42. Markel denies the allegations of Paragraph 42.

43. Markel denies the allegations of Paragraph 43.

44. Markel denies the allegations of Paragraph 44.

45. Markel denies the allegations of Paragraph 45.

46. Markel denies the allegations of Paragraph 46.

47. Markel denies the allegations of Paragraph 47.

48. Markel denies the allegations of Paragraph 48.

## COUNT II

## BREACH OF CONTRACT

49. Markel adopts and incorporates herein by reference all previous paragraphs of its Answer.

50. Markel admits that plaintiff was listed as named beneficiary in the policy of insurance issued to plaintiff by Markel.

51. Markel admits that a policy of insurance was issued to plaintiff and that Markel was obligated to comply with the terms of that policy. Markel denies all other allegations of Paragraph 51.

52. Markel denies the allegations of Paragraph 52.

53. Markel denies the allegations of Paragraph 53.

## COUNT III

## BAD FAITH FAILURE TO PAY UNDER CONTRACT OF INSURANCE

54. Markel adopts and incorporates herein by reference all previous paragraphs of its Answer.

55. Markel denies the allegations of Paragraph 55.

56. Markel denies the allegations of Paragraph 56.

57. Markel denies the allegations of Paragraph 57.

58. Markel denies the allegations of Paragraph 58.

59. Markel denies the allegations of Paragraph 59.

60. Markel denies the allegations of Paragraph 60.

## COUNT IV

### NEGLIGENT TRAINING, SUPERVISION AND RETENTION

61.     Markel adopts and incorporates herein by reference all previous paragraphs of its Answer.

62.     Markel denies the allegations of Paragraph 62.

63.     Markel denies the allegations of Paragraph 63.

64.     Markel denies the allegations of Paragraph 64.

65.     Markel denies the allegations of Paragraph 65.

66.     Markel denies the allegations of Paragraph 66.

67.     Markel denies the allegations of Paragraph 67.

68.     Markel denies the allegations of Paragraph 68.

## COUNT V

### EQUITABLE RELIEF, INCLUDING UNJUST ENRICHMENT

69.     Markel adopts and incorporates herein by reference all previous paragraphs of its Answer.

70.     Markel denies the allegations of Paragraph 70.

71.     Markel denies the allegations of Paragraph 71.

72.     Markel denies the allegations of Paragraph 72.

73.     Markel denies that Plaintiff is entitled to any form of equitable relief, or any other remedy.

## COUNT IV

74.     Markel adopts and incorporates herein by reference all previous paragraphs of its Answer.

75. Markel denies the allegations of Paragraph 75.

76. Markel denies the allegations of Paragraph 76.

77. Markel denies the allegations of Paragraph 77.

78. Markel denies the allegations of Paragraph 78.

## PRAYER FOR RELIEF

79. Markel denies that Plaintiff is entitled to any form of relief, whether compensatory, incidental, consequential, punitive or equitable. Markel further denies that Plaintiff is entitled to recover any fees and/or costs incurred by the Plaintiff in prosecuting this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Markel specifically reserves its right to compel this action to arbitration pursuant to the valid and binding arbitration agreement signed by Plaintiff.

### Second Affirmative Defense

Markel is not subject to personal jurisdiction in the State of Alabama.

### Third Affirmative Defense

Markel pleads improper venue.

### Fourth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

**Fifth Affirmative Defense**

Markel denies each and every material allegation of the complaint not specifically admitted and demands strict proof thereof.

**Sixth Affirmative Defense**

Markel pleads all terms and conditions of the contract of insurance at issue.

**Seventh Affirmative Defense**

Markel pleads plaintiff's breach of warranty precluding insurance coverage.

**Eighth Affirmative Defense**

The claims asserted in plaintiff's complaint are not ripe for adjudication.

**Ninth Affirmative Defense**

Markel is not liable to plaintiffs under any theory asserted.

**Tenth Affirmative Defense**

Plaintiff has not satisfied all or part of the conditions precedent.

**Eleventh Affirmative Defense**

Plaintiff failed to plead fraud with particularity as required by *Ala. R. Civ. P.* Rule 9(b).

**Twelfth Affirmative Defense**

Markel pleads lack of actual, justifiable and/or reasonable reliance.

**Thirteenth Affirmative Defense**

Markel complied with all applicable laws, regulations and standards.

**Fourteenth Affirmative Defense**

Markel is not responsible for the matters, events and things alleged.

### Fifteenth Affirmative Defense

Markel did not owe any duty of care to the plaintiff under the facts and circumstances alleged as a matter of law, or alternatively, if any duty was owed, it was sufficiently fulfilled as a matter of law.

### Sixteenth Affirmative Defense

No act or omission of Markel proximately caused any injury, foreseeable or unforeseeable, the plaintiff may have suffered.

### Seventeenth Affirmative Defense

Plaintiff's alleged injuries, in whole or in part, were unforeseeable as a matter of law.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by principles related to the failure to mitigate damages.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the plaintiff is guilty of contributory negligence.

### Twentieth Affirmative Defense

Markel pleads lack of fraud.

### Twenty-First Affirmative Defense

Markel pleads lack of intent to harm plaintiff.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands and laches.

### Twenty-Fourth Affirmative Defense

Markel pleads lack of agency.

### Twenty-Fifth Affirmative Defense

Markel pleads plaintiff's fraud and/or misrepresentation.

### Twenty-Sixth Affirmative Defense

Any award of punitive damages against Markel would violate the laws and Constitution of Alabama.

### Twenty-Seventh Affirmative Defense

The claims of plaintiffs for punitive damages against Markel cannot be upheld, because any such award of punitive damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process, protection against excessive fines and cruel and unusual punishment.

### Twenty-Eighth Affirmative Defense

Imposition of punitive damages in this action would violate Markel's right to due process of law as guaranteed by the United States Constitution and the Alabama Constitution.

### Twenty-Ninth Affirmative Defense

The procedure and methods utilized for awarding punitive damages in this action violate the due process of law provisions of the United States Constitution and the Alabama Constitution.

### Thirtieth Affirmative Defense

Unless Markel's liability for punitive damages in the first place and the appropriate amount of punitive damages, if any, in the second, are required to be established by clear and convincing evidence, any award of punitive damages would violate Markel's due process rights guaranteed by the United States Constitution and by the Alabama Constitution.

### Thirty-First Affirmative Defense

The claims of plaintiff for punitive damages against Markel cannot be upheld, because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or the maximum amount of punitive damages that a jury may impose. The absence of such standards violates Markel's due process rights guaranteed by the United States Constitution and by the Alabama Constitution.

### Thirty-Second Affirmative Defense

The claims of plaintiff for punitive damages against Markel cannot be upheld, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages

under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### Thirty-Third Affirmative Defense

The claims of plaintiff for punitive damages against Markel cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating a plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### Thirty-Fourth Affirmative Defense

The claims of plaintiff for punitive damages against Markel cannot be upheld, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Markel's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

### Thirty-Fifth Affirmative Defense

The claims of plaintiff for punitive damages cannot be upheld, because an award of punitive damages under state law without the same protections that are accorded criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and

self-incrimination and the rights to confront adverse witnesses and to a speedy trial would violate Markel's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process, and the right to confront witnesses and to a speedy trial, and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

/s/ Paul A. Clark
One of the Attorneys for Defendant
Markel American Insurance Company
Paul A. Clark (CLA076)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
Email: pclark@balch.com

OF COUNSEL:

Alan T. Rogers
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

/s/ Paul A. Clark
One of the Attorneys for Defendant
Markel American Insurance Company
Paul A. Clark (CLA076)
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
Email: pclark@balch.com