## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS C. CREWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NATIONAL BOAT OWNERS** | ) | |
| **ASSOCIATION (NBOA) MARINE** | ) | |
| **INSURANCE AGENCY, INC.;** | ) | **CIVIL ACTION NUMBER:** |
| **MARKEL AMERICAN LIFE** | ) | **2:05 CV 1057-F** |
| **INSURANCE COMPANY; and JACKIE** | ) | |
| **ASHE, individually and as agent for the** | ) | |
| **NATIONAL BOAT OWNERS** | ) | |
| **ASSOCIATION MARINE INSURANCE** | ) | |
| **AGENCY, INC.,** | ) | |
| | | |
| **Defendants.** | | |

---

### NATIONAL BOAT OWNERS ASSOCIATION MARINE INSURANCE
### AGENCY, INC.'S AND JACKIE ASHE'S
### ANSWER TO THE PLAINTIFF'S COMPLAINT

---

**COMES NOW,** the Defendants, National Boat Owners Association Marine Insurance Agency, Inc. (hereafter "NBOA") and Jackie Ashe (hereinafter "Ashe"), by and through the undersigned counsel, and file their Answer to Plaintiff's Complaint and state that the Plaintiff does not have a cause of action against the Defendants for any reason whatsoever; that the Defendants are not guilty of any allegations charged against them or any other act or omission that would in any

way give rise to a claim in favor of the Plaintiff and denies that the Plaintiff is entitled to recover the sums demanded or any other sum from answering Defendants for any reason whatsoever.

## FIRST DEFENSE

NBOA and Ashe respond to several paragraphs, both numbered and un-numbered in Plaintiff's Complaint as follows:

## INTRODUCTION

NBOA and Ashe deny the statements contained in this un-numbered introductory paragraph of the Complaint and demand strict proof thereof.

1.    NBOA and Ashe admit Plaintiff is a citizen of the State of Alabama. NBOA and Ashe further admit Plaintiff has previously acquired insurance for his 2000 45' Sea Ray/450 Express Bridge yacht from NBOA and issued and underwritten by Defendant Markel.  NBOA and Ashe deny the remainder due to the lack of sufficient information or knowledge as to the truth of falsity of the allegations in paragraph 1.

2.    No answer is required of NBOA and Ashe to paragraph 2.

3.    NBOA and Ashe deny the statements contained in paragraph 3 of the Complaint and demand strict proof thereof.

4.    NBOA and Ashe deny the allegations that the defendants acted in concert pursuant to a common plan or scheme.  NBOA admits that it has done business with Alabama residents, but NBOA and Ashe are citizens of Florida.

## JURISDICTION AND VENUE

5.    NBOA and Ashe deny the allegations of paragraph 5.

6.    NBOA and Ashe deny they have committed any "wrongful activities [which] were directed by or their behalf."   NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the remaining allegations of paragraph 6, therefore NBOA and Ashe deny the remaining allegations of paragraph 6.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

7.    NBOA and Ashe admit that an insurance policy, "The Helmsman Yacht Policy," was obtained by NBOA and Ashe, and issued and underwritten by Defendant Markel to the Plaintiff in 2002.   NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the remaining allegations of paragraph 7, therefore NBOA and Ashe deny the remaining allegations of paragraph 7.

8.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 8, therefore NBOA and Ashe deny the allegations of paragraph 8.

9.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 9, therefore NBOA and Ashe deny the allegations of paragraph 9.

10.    NBOA and Ashe admit that Ashe is an employee of NBOA and dealt with the Plaintiff in relation to "The Helmsman Yacht Policy" for the Plaintiff's 2000 45' Sea Ray/450 Express Bridge yacht.  NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the remaining allegations of paragraph 10, therefore NBOA and Ashe deny the remaining allegations of paragraph 10 and demand strict proof thereof.

11.    Admitted.

12.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 12, therefore NBOA and Ashe deny the allegations of paragraph 12.

13.    NBOA and Ashe admit that the Plaintiff submitted an application for insurance and that a policy of insurance was subsequently issued to Plaintiff. NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the remaining allegations of paragraph 13, therefore NBOA and Ashe deny the remaining allegations of paragraph 13.

14.    NBOA and Ashe admit that the Plaintiff submitted an application for insurance for his 2000 45' Sea Ray/450 Express Bridge yacht.  NBOA and Ashe also admit the remainder of paragraph 14.

15.    NBOA and Ashe admit that the effective date of "The Helmsman Yacht Policy" was referred to in paragraph 15 was November 9, 2002 for the period November 9, 2002 to November 9, 2003.  NBOA and Ashe admit the Plaintiff received a document entitled "Amending Navigation Territory & Mooring Location."  NBOA and Ashe further admit that said document not only contains the block quoted information set forth in paragraph 15, but also contains an additional navigation restriction stating: "WARRANTED NOT SOUTH OF SAVANNAH, GA, AND NO GULF NAVIGATION BETWEEN JUNE 1 & NOVEMBER 1, BOTH DATES INCLUSIVE."

16.    NBOA and Ashe admit that the Plaintiff submitted an application for insurance for Plaintiff's 2000 45' Sea Ray/450 Express Bridge yacht and that a policy of insurance was subsequently issued to Plaintiff for the period 11/09/2002 to 11/09/2003.

17.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 17, therefore NBOA and Ashe deny the allegations of paragraph 17.

18.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 18, therefore NBOA and Ashe deny the allegations of paragraph 18.

19.    NBOA and Ashe admit Commercial Properties, Inc. issued a check for $4,184.00 to NBOA on 10/31/2003 that appears to be signed by the Plaintiff. The check contains a memo "YH8626311."  NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the remaining allegations of paragraph 19, therefore NBOA and Ashe deny the remaining allegations of paragraph 19.

20.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 20, therefore NBOA and Ashe deny the allegations of paragraph 20.

21.    NBOA and Ashe admit Plaintiff applied for an insurance policy for Plaintiff's 2000 45' Sea Ray/450 Express Bridge yacht and that a policy of insurance was subsequently issued to Plaintiff for the period 11/09/2003 to 11/09/2004.  Remainder of paragraph 21 is denied as stated.  The Plaintiff does not define "amendments."  As such, NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the remaining allegations of paragraph 21, therefore NBOA and Ashe deny the allegations of paragraph 21.

22.    NBOA and Ashe admit Plaintiff's insurance policy for the period 11/09/2003 to 11/09/2004 contained the endorsements generally referred to by the Plaintiff in paragraph 22.    NBOA and Ashe deny the remaining allegations of paragraph 22 and demand strict proof thereof.    The November 9, 2002 to November 9, 2003 and the November 9, 2003 to November 9, 2004 insurance policies contained the same exact endorsements and/or amendments referred to in paragraph 22.    As such, NBOA and Ashe deny that anything "changed" or was "deleted."

23.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 23, therefore NBOA and Ashe deny the allegations of paragraph 23.

24.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 24, therefore NBOA and Ashe deny the allegations of paragraph 24.

25.    NBOA and Ashe deny the statements contained in paragraph 25 of the Complaint and demand strict proof thereof.

26.    NBOA and Ashe admit an insurance policy for Plaintiff's 2000 45' Sea Ray/450 Express Bridge yacht was issued to Plaintiff for the period 11/09/2003 to 11/09/2004.    NBOA and Ashe further admit Commercial Properties, Inc. issued a check for $4,184.00 to NBOA on 10/31/2003 that appears to be

signed by the Plaintiff.  NBOA and Ashe deny the remaining allegations contained in paragraph 26 of the Complaint and demand strict proof thereof.

27.    NBOA and Ashe deny the statements contained in paragraph 27 of the Complaint and demand strict proof thereof.

28.    NBOA and Ashe admit Plaintiff submitted a Property Loss Notice on September 28, 2004 for damage allegedly sustained to Plaintiff's yacht during Hurricane Ivan on September 17, 2004.  In said Property Loss Notice, the Plaintiff identifies the location of loss as Orange Beach, Alabama.  NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the remaining allegations of paragraph 28, therefore NBOA and Ashe deny the allegations of paragraph 28.

29.    NBOA and Ashe deny the statements contained in paragraph 29 of the Complaint and demand strict proof thereof.

30.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 30, therefore NBOA and Ashe deny the allegations of paragraph 30.

31.    NBOA and Ashe deny the statements contained in paragraph 31 of the Complaint and demand strict proof thereof.

32.    NBOA and Ashe deny the statements contained in paragraph 32 of the Complaint and demand strict proof thereof.

33.    NBOA and Ashe deny the statements contained in paragraph 33 of the Complaint and demand strict proof thereof.

34.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 34, therefore NBOA and Ashe deny the allegations of paragraph 34.

35.    NBOA and Ashe lack sufficient information or knowledge as to the truth or falsity of the allegations of paragraph 35, therefore NBOA and Ashe deny the allegations of paragraph 35.

36.    NBOA and Ashe deny the statements contained in paragraph 36, including subparts a-d, of the Complaint and demand strict proof thereof.

37.    NBOA and Ashe deny the statements contained in paragraph 37 of the Complaint and demand strict proof thereof.

38.    NBOA and Ashe deny the statements contained in paragraph 38 of the Complaint and demand strict proof thereof.

39.    NBOA and Ashe deny the statements contained in paragraph 39 of the Complaint and demand strict proof thereof.

40.    NBOA and Ashe deny the statements contained in paragraph 40, including subparts a-f, of the Complaint and demand strict proof thereof.

## COUNT I

## FRAUD

41.     NBOA and Ashe adopt and incorporate herein by reference all previous paragraphs of their Answer.

42.     NBOA and Ashe deny the statements contained in paragraph 42 of the Complaint and demand strict proof thereof.

43.     NBOA and Ashe deny the statements contained in paragraph 43 of the Complaint and demand strict proof thereof.

44.     NBOA and Ashe deny the statements contained in paragraph 44 of the Complaint and demand strict proof thereof.

45.     NBOA and Ashe deny the statements contained in paragraph 45 of the Complaint and demand strict proof thereof.

46.     NBOA and Ashe deny the statements contained in paragraph 46 of the Complaint and demand strict proof thereof.

47.     NBOA and Ashe deny the statements contained in paragraph 47 of the Complaint and demand strict proof thereof.

48.     NBOA and Ashe deny the statements contained in paragraph 48 of the Complaint and demand strict proof thereof.

## COUNT II

## BREACH OF CONTRACT

49.    NBOA and Ashe adopt and incorporate herein by reference all previous paragraphs of their Answer.

50.    NBOA and Ashe admit Plaintiff was listed as the named beneficiary in the policy of insurance issued to Plaintiff by Defendant Markel.

51.    NBOA and Ashe admit a policy of insurance was issued to Plaintiff and that the Defendants were obligated to comply with the terms of the policy. NBOA and Ashe deny all remaining allegations contained in paragraph 51 and demand strict proof thereof.

52.    NBOA and Ashe deny the statements contained in paragraph 52 of the Complaint and demand strict proof thereof.

53.    NBOA and Ashe deny the statements contained in paragraph 53 of the Complaint and demand strict proof thereof.

## COUNT III

## BAD FAITH FAILURE TO PAY UNDER CONTRACT OF INSURANCE

54.    NBOA and Ashe adopt and incorporate herein by reference all previous paragraphs of their Answer.

55.    NBOA and Ashe deny the statements contained in paragraph 55 of the Complaint and demand strict proof thereof.

11

56.    NBOA and Ashe deny the statements contained in paragraph 56 of the Complaint and demand strict proof thereof.

57.    NBOA and Ashe deny the statements contained in paragraph 57 of the Complaint and demand strict proof thereof.

58.    NBOA and Ashe deny the statements contained in paragraph 58 of the Complaint and demand strict proof thereof.

59.    NBOA and Ashe deny the statements contained in paragraph 59 of the Complaint and demand strict proof thereof.

60.    NBOA and Ashe deny the statements contained in paragraph 60 of the Complaint and demand strict proof thereof.

## COUNT IV

## NEGLIGENT TRAINING, SUPERVISION AND RETENTION

61.    NBOA and Ashe adopt and incorporate herein by reference all previous paragraphs of their Answer.

62.    NBOA and Ashe deny the statements contained in paragraph 62 of the Complaint and demand strict proof thereof.

63.    NBOA and Ashe deny the statements contained in paragraph 63 of the Complaint and demand strict proof thereof.

64.    NBOA and Ashe deny the statements contained in paragraph 64 of the Complaint and demand strict proof thereof.

65.    NBOA and Ashe deny the statements contained in paragraph 65 of the Complaint and demand strict proof thereof.

66.    NBOA and Ashe deny the statements contained in paragraph 66 of the Complaint and demand strict proof thereof.

67.    NBOA and Ashe deny the statements contained in paragraph 67 of the Complaint and demand strict proof thereof.

68.    NBOA and Ashe deny the statements contained in paragraph 68 of the Complaint and demand strict proof thereof.

## COUNT V

## EQUITABLE RELIEF, INCLUDING UNJUST ENRICHMENT

69.    NBOA and Ashe adopt and incorporate herein by reference all previous paragraphs of their Answer.

70.    NBOA and Ashe deny the statements contained in paragraph 70 of the Complaint and demand strict proof thereof.

71.    NBOA and Ashe deny the statements contained in paragraph 71 of the Complaint and demand strict proof thereof.

72.    NBOA and Ashe deny the statements contained in paragraph 72 of the Complaint and demand strict proof thereof.

73.    NBOA and Ashe deny Plaintiff is entitled to any form of equitable relief, or any other remedy.

## COUNT VI

74.    NBOA and Ashe adopt and incorporate herein by reference all previous paragraphs of their Answer.

75.    NBOA and Ashe deny the statements contained in paragraph 75 of the Complaint and demand strict proof thereof.

76.    NBOA and Ashe deny the statements contained in paragraph 76 of the Complaint and demand strict proof thereof.

77.    NBOA and Ashe deny the statements contained in paragraph 77 of the Complaint and demand strict proof thereof.

78.    NBOA and Ashe deny the statements contained in paragraph 78 of the Complaint and demand strict proof thereof.

## PRAYER FOR RELIEF

79.    NBOA and Ashe deny Plaintiff is entitled to any against NBOA and/or Ashe whatsoever, whether compensatory, incidental, consequential, punitive or equitable.  NBOA and Ashe further deny Plaintiff is entitled to recover any fees and/or costs incurred by Plaintiff in prosecuting this action.

## <u>AFFIRMATIVE DEFENSES</u>

### <u>Second Affirmative Defense</u>

NBOA and Ashe are not subject to personal jurisdiction in the State of Alabama.

### Third Affirmative Defense

NBOA and Ashe specifically reserve the right to compel this action to arbitration pursuant to the valid and binding arbitration agreement signed by Plaintiff.

### Fourth Affirmative Defense

The Complaint fails to state a claim upon which a relief may be granted.

### Fifth Affirmative Defense

NBOA and Ashe plead improper venue.

### Sixth Affirmative Defense

NBOA and Ashe plead all terms and conditions of the contract of insurance at issue.

### Seventh Affirmative Defense

NBOA and Ashe deny each and every material allegation of the Complaint not specifically admitted and demands strict proof thereof.

### Eighth Affirmative Defense

The Plaintiff's claims are barred by the applicable statutes of limitation.

### Ninth Affirmative Defense

The Plaintiff has failed to plead the fraud claims set forth in the Complaint with the required particularity under Alabama law.

### Tenth Affirmative Defense

NBOA and Ashe plead the general issue.

### Eleventh Affirmative Defense

Neither NBOA nor Ashe made any alleged promises or misrepresentations to the Plaintiff.

### Twelfth Affirmative Defense

NBOA and Ashe plead Plaintiff's breach of warranty precluding insurance coverage.

### Thirteenth Affirmative Defense

NBOA and Ashe are not liable to Plaintiff under any theory asserted.

### Fourteenth Affirmative Defense

The claims asserted in Plaintiff's complaint are not ripe for adjudication.

### Fifteenth Affirmative Defense

NBOA and Ashe pleas lack of actual, justifiable and/or reasonable reliance.

### Sixteenth Affirmative Defense

Plaintiff has not satisfied all or part of the conditions precedent.

### Seventeenth Affirmative Defense

NBOA and Ashe complied with all applicable laws, regulations, and standards.

## Eighteenth Affirmative Defense

Neither NBOA nor Ashe is responsible for the matters, events and things alleged in the Plaintiff's Complaint.

## Nineteenth Affirmative Defense

NBOA and Ashe deny any liability for the acts of other entities under a theory of *respondeat superior,* vicarious liability, agency, or otherwise.

## Twentieth Affirmative Defense

Neither NBOA nor Ashe owed any duty to the Plaintiff under the facts and circumstances alleged as a matter of law, or alternatively, if any duty was owed, it was sufficiently fulfilled as a matter of law.

## Twenty-First Affirmative Defense

Defendants NBOA and Ashe were under no duty to disclose any facts alleged to have been suppressed from Plaintiff, but, in any event, Defendants NBOA and Ashe suppressed no material facts from Plaintiff.

## Twenty-Second Affirmative Defense

No act or omission of NBOA or Ashe proximately caused any injury, foreseeable or unforeseeable, Plaintiff may have suffered.

## Twenty-Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by principles related to the failure to mitigate damages.

## Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is guilty of contributory negligence.

## Twenty-Fifth Affirmative Defense

NBOA and Ashe plead lack of fraud.

## Twenty-Sixth Affirmative Defense

NBOA and Ashe plead lack of intent to harm Plaintiff.

## Twenty-Seventh Affirmative Defense

That discovery is continuing, and NBOA and Ashe reserve the right to assert any additional affirmative defenses and to assert any counter-claim or cross-claim that may be justified as additional facts become known.

## Twenty-Eighth Affirmative Defense

If the damages claimed by the Plaintiff were in fact sustained by the Plaintiff, such damages must be off-set, or in whole or in part, by the value rendered to the Plaintiff by the insurer.

## Twenty-Ninth Affirmative Defense

The Plaintiff's claims are barred in whole or in part because the Plaintiff has failed to exhaust all administrative and other remedies. Plaintiff's claims are further barred by the filed rate doctrine, and further, because the applicable

Department of Insurance has primary jurisdiction over the claims the Plaintiff has asserted therein.

### Thirtieth Affirmative Defense

NBOA and Ashe plead Plaintiff's fraud and/or misrepresentation.

### Thirty-First Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of waiver, estoppel, unclean hands, and laches.

### Thirty-Second Affirmative Defense

Under the laws of the State of Alabama and the United States, the Plaintiff is not entitled to punitive damages from Defendants NBOA and/or Ashe under the facts alleged in the Complaint and any award thereof would violate the laws of Alabama and the United States.

### Thirty-Third Affirmative Defense

The portion of the Complaint filed by the Plaintiff alleging a claim for damages for willful, wanton, and gross negligence is not warranted by existing law or filed in good faith for the extension modification or reversal of existing law; it is only imposed for the improper purpose of harassing the Defendants.

### Thirty-Fourth Affirmative Defense

The award of damages for willful, wanton, or gross negligence as claimed by the Plaintiff, would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

(a)    The procedures fail to provide means for awarding separate judgments against alleged tortfeasors.

(b)    The procedures fail to provide a limit on the amount of the award against this Defendant.

(c)    The procedures fail to provide specific standards for the award of damages for gross, willful or wanton negligence.

(d)    The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(e)    The procedures fail to provide a clear consistent appellate standard of review of an award of punitive damages; and

(f)    The standards of conduct upon which punitive damages are sought are vague.

### Thirty-Fifth Affirmative Defense

The Plaintiff's claim for punitive damages against NBOA and Ashe cannot be upheld, because any such award of punitive damages under Alabama law exceeding the limits authorized by the Alabama Code would constitute an excessive fine and cruel and unusual punishment in the violation of the Fourteenth

Amendment to the United States Constitution and the Eight Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process, protection against excessive fines and cruel and unusual punishment.

## Thirty-Sixth Affirmative Defense

Imposition of punitive damages in this action would violate NBOA's and Ashe's right to due process of law as guaranteed by the United States Constitution and the Alabama Constitution.

## Thirty-Seventh Affirmative Defense

The Plaintiff's claims for punitive damages is barred and prohibited by the Fifth Amendment to the Constitution of the United States of America and by the Constitution of the State of Alabama, both prohibiting the taking of private property for public use without just compensation.

## Thirty-Eighth Affirmative Defense

NBOA and Ashe would further show unto the Court that the criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

## **Thirty-Ninth Affirmative Defense**

If and to the extent that the coverage at issue was not taken by the Plaintiff, or has lapsed, been forfeited, terminated or cash surrendered in whole or in part, or if cash values have been borrowed, or term conversion or reduced paid up privileges exercised, then the claims asserted are barred by the failure of consideration, failure to satisfy conditions precedent or subsequent, estoppel, intervening cause, contributory or comparative negligence, novation, waiver, material change of facts and possibility of performance.

## **Fortieth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the Plaintiff's own actions or inactions with respect to the coverage at issue.

Respectfully submitted this the **20**th day of **December, 2005**:


*s/Laura C. Nettles*
Stephen E. Whitehead (ASB-2282-T68S)
Laura C. Nettles (ASB-5805-S63L)
Travis B. Holly (ASB-2220-R69H)
Attorneys for Defendants, National Boat
Owners Association Marine Insurance
Agency, Inc. and Jackie Ashe

OF COUNSEL:

**LLOYD, GRAY & WHITEHEAD, P.C.**
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone:   (205) 967-8822
Facsimile:    (205) 967-2380


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document to all attorneys of record via United States Postal Service and by electronically filing the foregoing document with the United States District Court, Middle District of Alabama on this the  20th  day of **December, 2005**:

Susan Williams Reeves, Esq.
714 South 29th Street
Birmingham, Alabama 35233

G. Lane Knight, Esq.
**BALCH & BINGHAM, LLP**
Post Office Box 78
Montgomery, Alabama 36104

*s/Laura C. Nettles*
**OF COUNSEL**