IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS C. CREWS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | CV 02-05cv1057-F |
| ) | |
| NATIONAL BOAT OWNERS ) | |
| ASSOCIATION (NBOA) MARINE ) | |
| INSURANCE AGENCY, INC.; MARKEL ) | |
| AMERICAN INSURANCE COMPANY; ) | |
| and JACKIE ASHE, individually ) | |
| and as agent for the NATIONAL ) | |
| BOAT OWNERS ASSOCIATION (NBOA) ) | |
| MARINE INSURANCE AGENCY, INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO MARKEL AMERICAN INSURANCE COMPANY'S MOTION TO STAY PRELIMINARY DISCOVERY REQUIREMENTS**

Now comes Plaintiff, Thomas C. Crews, in response to Defendant Markel American Insurance Company's Motion to Stay Preliminary Discovery, stating that he opposes said motion.

Parties to federal litigation each have a duty to abide by the Federal Rules of Civil Procedure until relieved of that obligation and to comply with applicable local rules of Court and ethical guidelines, from all sources. All of these sources direct counsel, for the benefit of the parties, to attend to litigation promptly and to do so without discovery delay and/or abuse.

This case was filed on August 29, 2005, in state court in

Montgomery County. Defendants failed to file for removal until 51 days after removal, which delay Defendants justify in other papers now before the Court. A theme of the defendant's instant motion is that more delay and denial of discovery will be judicially economical and prevent the cost and expense of discovery. They offer no support for that assertion and may be wrong on that fundamental proposition. *Federal Civil Judicial Procedure and Rules*, 2005 Revised Edition, page 110, Advisory Committee Notes citing that "[E]mpirical studies reveal that when a trial judge intervenes personally at an early stage to assume judicial control over a case...the case is disposed of ...more efficiently and with less cost and delay than when the parties are left to their own devices".)

A fair reading of the federal procedural rules regarding discovery governing both the Court's action and counsel's responsibilities is that counsel must attend to discovery and must do so even without awaiting a discovery request. (FRCP 26 (a)(1)). Despite the many amendments to these procedural rules, the gold standard remains that "[M]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation". *Hickman v Taylor*, 329 U.S. 495, 507 (1947).

Plaintiff has sought to fulfill his own responsibilities in this removed action where the Complaint remained unanswered in State Court and then in federal court for months. (See Attachment

1). FRCP 81 specifies that an answer to a removed complaint is timely only if filed as follows:

> In a removed action in which the defendant has not answered, the defendant **shall** answer or present other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief...or within 10 days after the service of summons upon such initial pleading, then filed, *or within 5 days after the filing of the petition for removal,* whichever period is longest. (FRCP 81(c))(Emphasis in italics and bold added).

Because the defendants' took almost nine times the allowed time to answer under FRCP 81 fn.1, the filing of the answers only recently set in motion a mandatory procedural provision that the Court "shall issue as soon as practicable but in any event" a scheduling order "within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant". (Rule 16(b)(6)). It was this Plaintiff effort to schedule a planning meeting, that precipitated the instant defense motion to stay future unfiled discovery. (Attachment 2). Said another way, no discovery has been initiated by any party to be stayed; it is only the voluntary disclosures and discovery planning that have been undone by the mere filing of the pending defense motion to stay.

Defendant Markel seeks delay of all discovery requirements until some unspecified future time in order to file a "motion to

---

1 Defendants Ashe and NBOA were served on September 10, 2005; Defendant Markel was served on September 12, 2005, but did not file an answer or any other defense or objection until December 20, 2005, and December 19, 2005,

compel arbitration", which it incorrectly asserts, if granted, makes discovery unnecessary. (Doc. 14, p. 1).  That promised motion may not be well taken where the original contract of insurance signed by Plaintiff did not contain any arbitration agreement. (Attachment 3).  The reference to arbitration of claims in the insurance document is likely based on arbitration terms unilaterally asserted by Defendant Markel in a "General Amendatory Endorsement", which was unsigned by Plaintiff and unknown to him when the premium was paid. (Attachment 4). Moreover, the Court could decide that the Plaintiff is not bound by new unsigned and unknown insurance amendments, where Plaintiff alleges at Complaint paragraphs 17-24, those endorsements were disclosed to him only **after** defendants demanded and received his premium payments and told Plaintiff his payments would keep in force his "original" policy.

Under these facts, and in consideration of the untimeliness of both the answers and motion to compel arbitration, the Court could conclude that the defendant Markel's claim that discovery is wasteful and arbitration is required may not succeed. *Cook's Pest Control, Inc. v Boykin*, 807 So2d 525,526 (Ala. 2001)("It is the general rule that a nonsignatory to an arbitration agreement cannot be forced to arbitrate her claims").

However, even if this Court should deny the pending motion

---

respectively.

to remand, and even if Defendant Markel then files a motion to compel arbitration and even if Defendant Markel should prevail on that future motion to compel arbitration, parallel discovery is appropriate right now since the unsigned amendatory endorsement to the policy expressly provides, in relevant part:

> Local court rules governing procedure and evidence will apply unless the arbitrators agree on other rules. (Attachment 2, page 2, section IX. Arbitration).

Undoubtedly, the plaintiff will be entitled to discovery in some forum, whether state or federal court or arbitration. This Court is presently the only forum with the authority to conduct this case under its applicable procedural rules, which initially only require that the parties create a discovery plan and make their initial disclosures as defined by FRCP 26. Defendants cannot be accurate in saying that discovery is "unnecessary" even assuming, for the purposes of argument, that federal jurisdiction remains and arbitration is then compelled. Because some discovery allowance is mandatory, regardless of the forum, and disclosure of claims and defenses serves the purpose of advancing toward resolution of the claims, the Markel Motion to Stay Preliminary Discovery Requirements should be denied.

                                              Respectfully submitted

                                              <u>s/Susan Williams Reeves</u>
                                              Susan Williams Reeves
                                              ASB-4970-V84S
                                              Attorney for Plaintiff

```
                        Reeves Law Offices
                        714 South 29th Street
                        Birmingham AL 35233-2810
                        Telephone:  205-322-6631
                        Fax:  205-322-7479
                        E-mail:  swrlaw@gmail.com
```

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

```
                        Respectfully submitted,



                        s/Susan Williams Reeves
                        Attorney for Plaintiff
                        714 29th Street South
                        Birmingham, Al 35233
                        Phone:  205-322-6631
                        Fax:  205-322-7479
                        E-Mail:  swrlaw@gmail.com
                        State Bar No. ASB-4970-V84S
```