IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS C. CREWS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:05-cv-1057-MEF |
| | ) |
| NATIONAL BOAT OWNERS | ) (WO-PUBLICATION RECOMMENDED) |
| ASSOCIATION (NBOA) MARINE | ) |
| INSURANCE AGENCY, INC., et al., | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 29, 2005, Thomas Crews ("Crews") filed a lawsuit in the Circuit Court for Montgomery County, Alabama against Markel American Life Insurance Company ("Markel"), the National Boat Owners Association (NBOA) Marine Insurance Agency, Inc. ("the NBOA Agency"), and Jackie Ashe ("Ashe") an agent of the NBOA Agency. Crews alleged fraud, breach of contract, bad faith failure to pay under a contract of insurance, and negligent training, supervision, and retention. He sought equitable relief and unspecified punitive and compensatory damages. Ashe and the NBOA Agency were served on September 10, 2005. Markel was served on September 12, 2005. On November 1, 2005, Markel removed the action to this court invoking this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). On November 14, 2005, Crews filed Plaintiff's Motion to Remand (Doc. # 4). The court has carefully considered the applicable law and the arguments

in support of and in opposition to the motion to remand and finds that it is due to be GRANTED because Markel's removal was not timely made.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983)*, cert. denied,* 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of

2

remand." *Burns*, 31 F.3d at 1095. When a case is removed from state court, the burden is on the party who removed the action to prove federal-court jurisdiction. *Id.*

In seeking remand, Crews contends both that Markel did not timely remove this case to federal court and that Markel has not met its burden of establishing that the amount in controversy exceeds the sum required by 28 U.S.C. § 1332(a). This opinion focuses on the issues relating to the timeliness of the removal. Markel, the party bearing the burden of proving federal jurisdiction, also has the task of proving to the court that the removal was timely. *See, e.g., Clingan v. Celtic Life Ins. Co.,* 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003). Because the court concludes that the removal was not timely filed, it need not, and will not, address the amount in controversy.

In this case, all parties agree that complete diversity of citizenship existed at the time Crews filed suit. Crews is a citizen of Alabama. Markel, Ashe, and the NBOA Agency are citizens of Florida. It is also not disputed that the Complaint itself alleged that Crews is a resident of Alabama. Although the Complaint did not include allegations concerning the residency or citizenship of any of the defendants, the last page of the Complaint directs the Clerk of the Montgomery County Circuit Court to serve Markel, Ashe, and the NBOA Agency at addresses outside of Alabama.[1] The summons issued to those service addresses. It is undisputed that Ashe and NBOA were served on September 10, 2005 and that Markel was served on September 12, 2005. It is also undisputed that Markel did not file its notice

---

[1] The service address provided for Markel was in Wisconsin. The service addresses for the NBOA Agency and Ashe were in Florida.

3

of removal until November 1, 2005.[2]

Federal law limits the period in which a defendant may exercise his removal right from state to federal court.

> The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt* by the defendant, through service or otherwise, of *a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....*
>
> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). Given that removal statutes must be construed narrowly, § 1446's time requirement is mandatory and must be strictly applied; "[t]imely objection to a late petition for removal will therefore result in remand." *Webster v. Dow United Techs. Composite Prods., Inc.,* 925 F. Supp. 727, 729 (M.D. Ala. 1996) (citations omitted) (remanding case removed more than thirty days after complaint filed and more than thirty days after plaintiff written responses to discovery revealed basis for federal jurisdiction). *Accord, Clingan,* 244 F. Supp. 2d at 1302-03 (granting motion to remand because defendant failed to remove case within thirty days of receipt of complaint from

---

[2] The NBOA Agency and Ashe filed their written consents to the removal on November 2, 2005.

which it could have ascertained case was removable). Thus, the relevant inquiry is when could the removing defendant have first "intelligently ascertained" that the case was removable. *See, e.g., Clingan,* 244 F. Supp. 2d at 1302; *Webster,* 925 F. Supp. at 729.

Markel contends that because the citizenship of its co-defendants was not disclosed on the face of the Complaint, it could not ascertain the citizenship of its co-defendants until conducting its own investigation.³ This is an interesting assertion for several reasons. While the allegations of the Complaint do not address the citizenship of the defendants, the last page of the Complaint itself, which Markel and the other defendants received lists service

---

³ This argument is premised on *Lovern v. General Motors Corp.,* 121 F.3d 160, 161 (4th Cir. 1997). The court is not persuaded that *Lovern* requires a different result than it has reached for several reasons. First, *Lovern* is not binding precedent. Contrary to Markel's assertion in its Notice of Removal (Doc. 1 at p. 4 n.4) that the Eleventh Circuit has cited *Lovern* with approval, this court has not found a single case from the Eleventh Circuit Court of Appeals citing *Lovern*, favorably or otherwise. There is an unpublished decision from the United States District Court for the Middle District of Alabama which references *Lovern* in passing, but the citation is not central to the holding of that case. *See, e.g., Jeffcoat v. American General Life & Accident, Ins.,* 2:01cv325-ID-CSC, 2001 WL 611196 at *3 (M.D. Ala. May 16, 2001) (DeMent, J.). Second, the initial pleading in *Lovern* failed to reveal the *plaintiff's* address or citizenship, but the initial pleading in this case included Crew's state of residence as well as service addresses for each defendant. When the plaintiff's address or citizenship is not disclosed, the court can understand having a rule which allows the defendant an opportunity to remove the case after some formal discovery into plaintiff's citizenship which defendants cannot automatically be expected to know. In this case, however, Markel points to the absence of formal allegations regarding its own citizenship, which it knew, and the citizenship of an entity and an individual that had acted as its agent for purposes of selling an insurance policy. Such facts implicate different considerations than those before the Fourth Circuit in *Lovern. See, e.g., Praisler v. Ryder Integrated Logistics, Inc.,* 06-CV-52, 2006 WL 481644 at *2-*3 (N.D. Ohio Feb. 28, 2006) (rejecting *Lovern* approach because logic behind that approach does not apply to a defendant's own citizenship or the citizenship of a co-defendant with whom the removing defendant had an agency relationship).

addresses for each of the defendants in states other than Alabama, the state alleged to be Crews' residence. Moreover, the NBOA Agency and its agent Ashe were both acting as agents for Markel prior to the filing of the lawsuit. Additionally, the very insurance policy at issue in this lawsuit, which Markel issued to Crews, a copy of which was attached to the Complaint, revealed mailing addresses for the NBOA Agency and Markel outside of Alabama. Finally, Markel fails to even attempt to explain why it did not conduct its investigation more quickly so that it could remove the case within thirty days of service on the first defendant.

Some courts in other jurisdictions have held that a defendant's duty to search beyond the pleadings for a basis for removal is limited. *See, e.g., Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Other courts have held that when the initial pleading provides at least a clue as to the existence of diverse citizenship, the burden is on the defendant to file a petition for removal within thirty days of service of the initial pleading. *See, e.g., Mendez v. Central Garden & Pet Co.,* 307 F. Supp. 2d 1215, 1220 (M.D. Ala. 2003) (recognizing general rule, but creating exception to the rule not applicable in the instant case); *Kuhn v. Brunswick Corp.,* 871 F. Supp. 1444, 1446 (N.D. Ga. 1994) (collecting cases); *Richman v. Zimmer, Inc.,* 644 F. Supp. 540, 541-42 (S.D. Fla. 1986). The Eleventh Circuit Court of Appeals does not appear to have spoken on this point, but this court finds the latter approach more consistent with the case law from the district courts within the Eleventh Circuit. It is clear that Crews' failure to allege the citizenship of the defendants in

the Complaint does not prevent the thirty day removal period from commencing. *See, e.g., Kuhn,* 871 F. Supp. at 1446; *Stokes v. Victory Carriers, Inc.,* 577 F. Supp. 9, 11 (E.D. Pa. 1983) (collecting cases and holding that plaintiff's failure to allege citizenship of first defendant did not constitute "good cause" for second defendant's failure to timely join in removal position). The court is further satisfied that the initial pleading here provided at least a clue as to the existence of diverse citizenship. Indeed, any of the defendants[4] could have intelligently ascertained from a review of the initial pleading that the federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) existed because none of the defendants shared Alabama citizenship with Crews. Consequently, the Notice of Removal was untimely because it was not filed within thirty days of service of the Complaint and this case is due to be remanded to the Circuit Court of Montgomery County.

Even if this court were to assume *arguendo* that the initial pleading in this case was not one from which the defendants could have intelligently ascertained that the case was removable, the case would still be due to be remanded. As previously explained, when the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In this case, Markel contends that it removed the case within thirty days of receiving "other paper" from

---

[4] It is worth noting that any of the three defendants could have removed this action.

which it could first ascertain that the case was removable, namely, affidavits from Ashe and the NBOA Agency setting forth their citizenship. Markel received these affidavits on the day that it removed the case to federal court.

Markel's argument raises the issue of whether such affidavits constitute "other paper" within the meaning of 28 U.S.C. § 1446(b). The court finds that the affidavits from the co-defendants regarding their citizenship do not constitute "other paper" on which Markel can remove this case. Binding precedent from this circuit requires has indicated that "other paper" within the meaning of this code provision requires a voluntary act by the plaintiff. *See Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 254 (5th Cir. 1961)[5] (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court"). The "other paper" on which Markel's removable was predicated are affidavits from co-defendants which involved no voluntary act of Crews, but were instead based on the knowledge of those co-defendants about their citizenship. Such affidavits do not constitute "other paper." *See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996) (affidavit created entirely by

---

[5] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

defendant and based on defendant's subjective knowledge[6] regarding the amount in controversy is not "other paper" under § 1446(b)).

Mindful of the clear Eleventh Circuit precedent mandating remand of removed cases where federal jurisdiction and compliance with the procedural requirements for removal is not absolutely clear, the court finds that the removal of this case from the Circuit Court of Montgomery County, Alabama was not timely for the reasons explained in this Memorandum Opinion and Order. Accordingly, the case must be remanded.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, it is hereby ORDERED as follows:

(1)  Plaintiff's Motion to Remand (Doc. # 4) is GRANTED.

(2)  This case is REMANDED to the Circuit Court of Montgomery County, Alabama.

(3)  The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4)  Any other pending motions are left for resolution by the Circuit Court of Montgomery County, Alabama.

DONE this the 6th day of April, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] The court acknowledges that it could be argued that the affidavits in this case recited objective facts rather than subjective knowledge. Nevertheless, the court finds that the affidavits did not arise from a voluntary act of the plaintiff.